UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ANDREW CORTEZ CRATER,

        Petitioner,

  v.

GEORGE GALAZA, Warden

        Respondent.

NO. CIV. S 01-1893 MCE GGH P

ORDER

----oo0oo----

### INTRODUCTION

   Petitioner filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner raised three procedural issues which he believes denied him a fair trial: 1) The trial court erred in failing to change venue; 2) The trial judge exhibited bias on the facts of the case such that he should have recused himself; and 3) The jury should have been instructed that in order to find the special circumstance of murder during the commission of a robbery, the murder must have been carried out to

1

1 advance the commission of the robbery.  The matter was referred
2 to a United States Magistrate Judge pursuant to 28 U.S.C. §
3 636(b)(1)(B) and Local General Order No. 262.
4     On April 19, 2005, the magistrate judge filed findings and
5 recommendations herein which were served on all parties and which
6 contained notice to all parties that any objections to the
7 findings and recommendations were to be filed within twenty days.
8 Petitioner and Respondent have both filed objections.
9     In accordance with the provisions of 28 U.S.C. §
10 636(b)(1)(B) and Local Rule 72-304, this Court has conducted a <u>de
11 novo</u> review of this case.  The Court finds the magistrate judge's
12 findings and recommendations are supported by the record and by
13 proper analysis as to whether the trial court committed error in
14 failing to change venue and as to whether the jury should have
15 been given instructions on the special circumstance of murder
16 committed during a robbery.  The court does not find, however,
17 that the magistrate judge's findings and recommendations support
18 a finding that the trial judge exhibited prejudicial bias and
19 should have recused himself.  Given the detailed factual
20 summation provided in the findings and recommendations, which are
21 incorporated herein by reference, the court need not reiterate
22 the circumstances underlying this matter except as specifically
23 noted below.
24 //
25 //
26 //
27 //
28 //

**STANDARD**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs Petitioner's federal habeas corpus petition.[1] Under the relevant provision of the AEDPA, a federal court may grant relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The "contrary to" clause and the "unreasonable application" clause have been accorded distinct meanings. See Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). First, the Supreme Court has instructed that a state court decision is "contrary to" clearly established precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a different result. Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166, 155 L. Ed. 2d 144 (2003).

The Supreme Court has further explained that a state court decision can constitute an "unreasonable application" of Supreme Court precedent only if such application is not just incorrect or erroneous but also "objectively unreasonable." Lockyer, 538

---

[1] Contrary to Petitioner's assertion, AEDPA is not unconstitutional despite the recent request by a three judge panel in a case totally unrelated to this case to have the issue briefed. See Irons v. Carey, 408 F.3d 1165; 2005 U.S. App. LEXIS 9224 (9th Cir., 2005).

3

U.S. at 75. Under this standard, it is not enough that a federal habeas court, in its "independent review of the legal question" is left with a "firm conviction" that the state court was "erroneous." Id. Rather, the application must be objectively unreasonable. Id.

As applied here, the standard requires that this Court first decide what constitutes "clearly established" Federal law, as determined by the Supreme Court of the United States. Clearly established federal law under § 2254(d)(1) is the governing legal principle set forth by the Supreme Court at the time the state court rendered its decision. Id.

The parties agree that in order for a Petitioner to prevail on a petition for writ of habeas corpus, he or she must show that the trial judge exhibited either actual bias or an interest in the outcome of the case but failed to recuse himself or herself. See Bracy v. Gramley, 520 U.S. 899, 905; 117 S. Ct. 1793, 1797; 138 L. Ed. 2d 97, 104 (1997). The parties disagree, however, as to whether an *appearance* of bias by a judge is likewise sufficient to warrant recusal.

Petitioner argues that both actual bias as well as an appearance of bias demand recusal of a trial judge. Conversely, Respondent argues that while actual bias is a ground for recusal, an appearance of bias is not. In support of the latter argument, Respondent relies on a Seventh Circuit case which interpreted Supreme Court precedent regarding judicial recusal. According to Respondent, that case stands for the proposition that the mere appearance of bias is insufficient to implicate the Due Process Clause. See Del Vecchio v. Illinois Dep't of Corrections, 31

1 F.3d 1363 (7th Cir., 1994).

2     This court disagrees with Respondent's position.  The
3 Supreme Court, in <u>Aetna Life Ins. Co. v. Lavoie</u>, has
4 unequivocally stated that the mere appearance of bias must be
5 avoided:

> The Due Process Clause may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way, justice must satisfy the *appearance* of justice.

475 U.S. 813, 825 (1986)(emphasis added)(internal citations and quotations omitted).

    Clearly, if a Petitioner can show even the appearance of bias (let alone any actual bias or an interest in the case) by a judge who does not recuse himself or herself, a violation of due process will have been established and relief should be granted.

### **ANALYSIS**

    The disposition of the issues raised herein turn on the facts of the underlying case which are in some ways unique.  By way of background, Petitioner and a co-defendant were charged with murder committed during the commission of a robbery.  This was charged as a "special circumstance" murder which would subject Petitioner and his co-defendant to a possible sentence of life without the possibility of parole ("LWOP").

    During the preliminary stages of the state court proceedings, the judge severed the co-defendants for trial. Petitioner's co-defendant was tried in the same court by the same

5

judge just weeks prior to Petitioner's trial.  During the trial of the co-defendant, the trial judge was able to observe virtually the same evidence and hear the same testimony that would be presented against Petitioner.  In addition to not only hearing the testimony and observing the evidence, the trial judge was also aware of a confession made by Petitioner and a letter of apology written to the murder victim's family which was published in the local newspaper.  Rarely, if ever, is a trial judge in a position to have such detailed information about a case, the defendant(s), the witnesses and the evidence prior to trial.

   Notwithstanding the appreciable evidence against him, the District Attorney's office offered Petitioner the opportunity to plead guilty to the murder without admitting to the special circumstance.  By accepting the plea offer, Petitioner would no longer face a possible sentence of LWOP.

   The exact reason why the District Attorney made this offer to Petitioner is not known.  The District Attorney may have been motivated by the fact that Petitioner's co-defendant was convicted of being the person who actually pulled the trigger.  Moreover, as the state appellate court aptly explained, Petitioner was not what one would consider the "usual" murder suspect.  He had no criminal record and enjoyed academic success at the collegiate level. While formally educated, he was an unsophisticated defendant as compared to those well versed in navigating the criminal justice system.  Petitioner was likely unaware of the consequences of rejecting the state's offer.

   Petitioner claims that the trial judge was biased in that he predetermined Petitioner's guilt and, therefore, was unable to

6

fairly preside over the trial.  As evidence of bias, Petitioner points to the judge's pretrial statements wherein the judge expressed his belief that Petitioner should accept the prosecution's offer of a plea bargain.

In discussing the prosecution's offer with Petitioner and his counsel, the trial judge stated as follows:

> "Based upon what I know about this case - and I'm in a very unique position in this case, because I've already heard all of the witnesses.  I know everything that happened that night, and I have assessed everything that the witnesses have said...and based upon what I've heard about this case, I'm real sure that you're going to be convicted of all those robberies...and you're going to be found guilty of murder in the first degree."

(Resp't Opp'n p. 3)

The trial judge went on to inform Petitioner that going to trial would be a "stupid" decision and otherwise explained the myriad risks of rejecting the prosecution's offer.

By rejecting the prosecution's offer in the face of what appeared to be overwhelming evidence against him, Petitioner gambled the chance for eventual parole against a very real possibility of LWOP if convicted.
As the trial judge explained:

> "...this is an offer which gives you, at some point in your life, an opportunity to get out of prison.  You will die in prison if you are found guilty of the special circumstance...I frankly, am having trouble understanding your position, your state of mind on all of this ... even if you succeed in beating the claim of special circumstance, your sentence is probably going to be what the District Attorney is offering you.  So to all of us, it seems like you're taking a needless risk with no advantages ... I hate to see somebody twenty-one years old with your intelligence and potential make what is in a word a stupid decision."

(Resp't Opp'n p. 4)

7

The trial judge stated what he believed would be the outcome of the case based on his experience, not only as an experienced judge in general, but also as one with intimate knowledge of this very case. In fact, just as the trial judge had predicted, the jury ultimately found Petitioner guilty of the crime of murder and the special circumstance was found to be true-- resulting in a sentence of LWOP which Petitioner is now serving.

This court must now determine whether the statements of the trial judge nonetheless constituted sufficient judicial bias to mandate recusal, and whether the trial judge's failure to recuse himself was contrary to[2] or an unreasonable application of clearly established Supreme Court precedent.

The salient issue raised by Petitioner's claim is whether the state court violated the "unreasonable application" clause in concluding that the trial judge's statements did not reflect actual bias, an interest in the outcome of the case or an appearance of bias that would demand recusal.

With respect to actual bias, Petitioner is not claiming, and the magistrate judge did not find, actual bias on the part of the trial judge. In reviewing the record, this court has not found any evidence of actual bias on the part of the trial judge. Similarly, this court has found no evidence in the record that the trial judge had any interest in the outcome of this case. The issue now before this court is whether the judge's statements

---

[2]After a thorough review of Supreme Court jurisprudence, this Court finds no express rule of law that demands recusal under the facts presented here. Similarly, this Court finds no Supreme Court decisions factually indistinguishable from the case at bar. Accordingly, the state court's adjudication of the issue did not violate the "contrary to" clause of the AEDPA.

8

to the Petitioner prior to trial appear so biased as to have mandated recusal.

First of all, the statements made by the trial judge were made on the record, with Petitioner's attorney present. This environment not only subjected the trial judge to subsequent review but further insured that Petitioner was represented by counsel, who did not register any objection(s) to the judge's statements. This is in stark contrast to a situation where a judge could make statements to a defendant in a closed door session, void of representation, where leverage could be unduly applied without fear of reprisal.

Moreover, the trial judge's comments were made outside the presence of the ultimate finder of fact, the jury. Much of the concern about an otherwise inappropriate judicial act or remark is neutralized by the absence of the jury. See United States v. Morrow, 977 F.2d 222, 225 (6th Cir., 1992).

The trial judge's direct and candid statements clearly advised Petitioner of the gravity of the circumstances facing him. Contrary to Petitioner's assertion, in making the statements at issue, the trial judge did not determine Petitioner's guilt expressly or otherwise. Indeed, the ultimate determination of Petitioner's guilt was made by the members of the jury who were not privy to any of the statements made by the judge. The judge repeatedly asserted his opinion that the "*jury* would find" Petitioner guilty as charged. (Resp't Opp'n p. 3-4)(emphasis added). These prospective statements made to Petitioner in the context of pretrial discussions while he was represented by counsel did not deprive him of his right to due process.

Petitioner fails to cite any authority which precludes a trial judge from honestly assessing the merits of a case before him during pretrial discussions. While a federal judge may not engage in discussions which may result in settlement of a criminal case under the Federal Rules of Criminal Procedure,[3] the same is not true of a state trial judge. Indeed, state trial judges are not only permitted to engage in precisely the type of dialogue as is at issue here, they must necessarily do so lest the state criminal system grind to a halt.

The law will not suppose a possibility of bias or favor in a judge, who is already sworn to administer impartial justice, and whose authority greatly depends upon that presumption and idea. See Aetna, 475 U.S. at 820 (citations and quotations omitted). To succeed on his claim of judicial bias, Petitioner is required to overcome this presumption of honesty and integrity. Petitioner has failed to do so. Accordingly, this court finds that the state court's application of Supreme Court precedent was objectively reasonable.[4]

---

[3] The Federal Rules of Criminal Procedure provide as follows: "An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. *The court must not participate in these discussions*." Fed. R. Crim. P. 11(c)(1)(emphasis added).

[4] This Court wishes to stress that its ruling in this case is limited to the facts presented. As a general matter, we agree with the magistrate judge that as judicial involvement increases, scrutiny should likewise increase to assure that due process is properly preserved. However, as explained in detail above, this Court is firmly convinced that judicial involvement in and of itself does not give rise to a claim of judicial bias. Rather, when sparingly and deservedly applied, as in the case at bar, it can enhance due process.

**CONCLUSION**

The findings and recommendations of the magistrate judge filed April 19, 2005, are adopted in full except as to Petitioner's claim that the trial court violated his due process rights by exhibiting judicial bias during the pretrial settlement discussions.  In that regard, the findings and recommendations are rejected.

For the reasons set forth in this Order, the petition for writ of habeas corpus is DENIED.

IT IS SO ORDERED.

DATED: September 30, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE